UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| CESAR VILLEGAS, | ) | No. CV 13-05660-JFW (VBK) |
|     Petitioner, | ) ) | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS |
|   v. | ) ) | CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |
| M. E. SPEARMAN, | ) ) | |
|     Respondent. | ) ) | |

On August 6, 2013, Cesar Villegas (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. §2254." Petitioner was convicted by a jury on January 7, 2005, in Los Angeles County Superior Court Case Nos. TA074937/TA076355. (See Petition at 2.) Petitioner was convicted of two counts of forcible rape in violation of California Penal Code ("PC") § 261(a)(2), two counts of forcible oral copulation in violation of PC § 288(c)(2) and kidnapping in violation of PC § 207. Petitioner was sentenced to 31 years to life with the possibility of parole. (Id.) Petitioner raises the following contentions in the within Petition: (1) pre-trial counsel's ineffective assistance caused non-acceptance of "plea offer" and

future proceedings led to a less favorable outcome in violation of Petitioner's Sixth Amendment right to effective assistance of counsel at critical pre-trial stages; (2) Petitioner was deprived of state and federal constitutional rights to effective assistance of counsel when counsel erroneously disregarded trial court's admonishments and presented a conflict of interest by representing Petitioner and co-defendant without a waiver, in violation of Petitioner's rights under the Sixth Amendment; (3) pre-trial counsel rendered ineffective assistance when he withheld "Material <u>Brady</u> Evidence" of all court records and any and all transcripts, notes and legal pleadings relative to this case, in violation of Petitioner's right to due process; and (4) the conviction should be reversed based on the prejudicial effect of the cumulative "ineffective assistance" errors. (<u>See</u> Petition at 5; attachment at 4-5.)

It appears from the face of the petition that it is directed to the same 2005 Los Angeles County Superior Court convictions as a prior habeas petition filed by Petitioner in this Court on March 27, 2008, in Case No. CV 08-02073-JFW (VBK).[1] On November 3, 2009, Judgment was

---

[1] The Court takes judicial notice of its own files and records. See <u>Mir v Little Co. of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988). On March 27, 2008, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" which was given Case No. CV 08-02073-JFW (VBK). In this Petition, Petitioner raised the following claims: (1) "Trial counsel's failure to present a[n] Ob-Gyn expert medical witness deprived Petitioner of due process, a fair trial and right to counsel in violation of the Fifth, Sixth and Fourteenth Amendments to the Federal Constitution" (ground one); (2) "The trial court denied Petitioner due process, the right to a fair trial and the right to a unanimous jury verdict under the Fifth and Sixth, and Fourteenth Amendments to the Federal Constitution by failing to issue a unanimity instruction (CALJIC No. 17.01); trial and appellate counsel rendered ineffective assistance by failing to raise the issue" (ground two); (3) "The trial court prejudicially erred and deprived Petitioner of due process of law and a fair trial in
(continued...)

entered in Case No. CV 08-02073-JFW (VBK) denying the petition and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

The Petition now pending is governed by the provisions of the

---

[1](...continued)
violation of the Fifth and Fourteenth Amendments to the Federal Constitution by failing to instruct the jury with a '<u>Mayberry</u>' instruction; trial and appellate counsel rendered ineffective assistance by failing to raise the issue" (ground three); (4) "The trial court prejudicially erred and deprived Petitioner of due process of law and a fair trial in violation of the Fifth, Sixth and Fourteenth Amendments to the Federal Constitution by instructing the jury with CALJIC No. 2.62 ("Defendant Testifying--When Adverse Inference May Be Drawn"); trial and appellate counsel rendered ineffective assistance by failing to raise the issue" (ground four); (5) "The prosecution committed '<u>Doyle</u> error' by commenting on Petitioner's right to remain silent in violation of Petitioner's rights to due process, the right to remain silent, and a fair trial under the Fifth and Sixth, and Fourteenth Amendments to the Federal Constitution; trial and appellate counsel rendered ineffective assistance by failing to raise the issue" (ground five); (6) "The trial court denied Petitioner due process, the right to present a defense and a fair trial under the Fifth and Sixth, and Fourteenth Amendments to the Federal Constitution by failing to permit trial counsel to introduce Petitioner's statement to the police; appellate counsel rendered ineffective assistance by failing to raise the issue" (ground six); (7) "The trial court denied Petitioner due process, the right to present a defense and a fair trial by refusing to permit trial counsel to play the tape of Petitioner's police statement; appellate counsel rendered ineffective assistance by failing to raise the issue" (ground seven); (8) "The trial court denied Petitioner due process and a fair jury trial under the Fifth, Sixth, and Fourteenth Amendments by permitting the jury to be tainted during voir dire" (ground eight); (9) "The trial court denied Petitioner of [sic] due process, a fair trial, trial by jury, confrontation and cross-examination, and presentation of a defense under the [Fifth], [Sixth], [Eighth] and [Fourteenth] Amendments by restricting defense cross-examination" (ground nine); (10) "The trial court deprived Petitioner of his right to due process and a fair jury trial under the Fifth, Sixth, and Fourteenth Amendments by admitting inadmissible hearsay" (ground ten); and (11) "Prosecutorial misconduct deprived Petitioner of his right to due process and a fair jury trial under the Fifth, Sixth, and Fourteenth Amendments" (ground eleven). (Petition at 9, 14, 19, 23, 28, 31, 37, 39, 40, 42, 43.)

Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996.  Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> "(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>."
> (Emphasis Added.)

The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas

petition, within the meaning of 28 U.S.C. § 2244(b).  Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court.  Petitioner's failure to do so deprives the Court of subject matter jurisdiction.

For the foregoing reasons, **IT IS ORDERED** that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 22, 2013

_____/s/ John F. Walter_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented on
August 19, 2013 by:

_____/s/_____
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE